IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00269-MR

| | |
|---|---|
| ALex NELSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | |
| UNITED STATES BUREAU OF ) | |
| PRISONS, ) | **ORDER** |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the Petitioner's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. 1]. Also pending is the Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2].

**I.    BACKGROUND**

The pro se Petitioner pleaded guilty in the United States District Court for the Southern District of California to one count of importation of methamphetamine, Case. No. 3:21-cr-2020-DMS ("CR"). See Fed. R. Evid. 201. In a Judgment entered on July 15, 2022, he was sentenced to 36 months' imprisonment to be followed by three years of supervised release. [CR Doc. 64]. The Petitioner was released from the federal Bureau of

Prisons, FCC Victorville, on September 5, 2023. [Doc. 1 at 1]. He now resides in Fletcher, North Carolina. [Doc. 2 at 5].

The Petitioner filed the instant § 2241 Petition on September 12, 2023. [Doc. 1]. He names as the federal Bureau of Prisons ("BOP") as the sole Respondent. He claims:

> I was unlawfully held past my schedule release date of 8/31/23 under my First Step Act release date. I was released 5 days later on 9/5/23. Release date as calculated by the Bureau of Prisons under the First Step Act release plan as documented by the BOP website.

[Id. at 6] (errors uncorrected). He seeks a "financial remedy" for having been unlawfully detained past his release date. [Id. at 7].

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

The Petitioner's Application shows that he has had zero average monthly income during the past 12 months, and that he expects to receive no income next month. [Doc. 2 at 1-2]. The Petitioner's sole asset is $250 in cash. [Id. at 2]. He reports having no monthly expenses. [Id. at 4-5]. He does expect major changes to his monthly income, expenses, assets, or liabilities during the next 12 months, stating "seeking employment." [Id. at 5]. He does not expect to spend any money in connection with this case. [Id.]. He further explains his inability to pay the costs of these proceedings as follows: "recently released from federal custody." [Id.]. The Court is

satisfied that the Petitioner does not have sufficient funds to pay the filing fee and will grant the Petitioner's Application to proceed in forma pauperis.

## III. STANDARD OF REVIEW

Rule 4 of the Rules Governing Section 2254 Proceedings, as it applies to § 2241 actions, provides that courts are to promptly examine habeas petitions to determine whether the petitioner is entitled to any relief on the claims set forth therein. See Rule 1(a), (b), 28 U.S.C. foll. § 2254 (a district court may apply the rules for § 2254 proceedings to habeas petitions other than those filed under § 2254). Pro se pleadings are construed liberally. See generally Haines v. Kerner, 404 U.S. 519 (1972) (a pro se complaint, however inartfully pled, must be held to less stringent standards than formal pleadings drafted by lawyers). After examining the record in this matter, the Court finds that the § 2241 Petition can be resolved without an evidentiary hearing based on the record and the governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

Under 28 U.S.C. § 2241, federal district courts are granted authority to consider an application for a writ of habeas corpus filed by a petitioner claiming to be held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## IV. DISCUSSION

The Petitioner purports to bring this action pursuant to § 2241 for damages. However, monetary damages are not an available remedy in a habeas corpus action. <u>McKinney–Bey v. Hawk–Sawyer</u>, 69 F. App'x 113, 113 (4th Cir. 2003); <u>United States v. Tootle</u>, 65 F.3d 381 (4th Cir. 1995) ("[t]he purpose of habeas corpus is to test the legality of detention") (quoting <u>Arias v. Rogers</u>, 676 F.2d 1139, 1142 (7th Cir. 1982)). Because the Petitioner seeks relief that is unavailable under § 2241, his Petition is dismissed.

The Petitioner would fare no better if the Petition were liberally construed as a civil rights Complaint pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). A <u>Bivens</u> action is the judicially-created counterpart to 42 U.S.C. § 1983, and allows an action for money damages to be brought against individuals acting under the color of federal law for injuries caused by their unconstitutional conduct. <u>Id.</u> at 395-97. <u>Bivens</u>' core premise is to deter individual officers' unconstitutional acts. <u>See</u> <u>Correctional Servs. Corp. v. Malesko</u>, 534 U.S. 61 (2001). "Because vicarious liability is inapplicable to <u>Bivens</u> and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 676 (2009).

The Petitioner brings this action solely against the BOP. However, Bivens claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. See FDIC v. Meyer, 510 U.S. 471, 475, 484-86 (1994); Doe v. Chao, 306 F.3d 170, 184 (4th Cir. 2002) ("a Bivens action does not lie against either agencies or officials in their official capacity.") (citing Meyer, 510 U.S. at 484-86). Because BOP is a federal agency against which a Bivens action cannot proceed, it would be unavailing to construe the Petition as a civil rights complaint at this time.[1]

## IV. CONCLUSION

In sum, the Petition has failed to pass initial review and it is dismissed without prejudice.

The Court will allow Petitioner thirty (30) days to file an Amended Petition, if he so chooses, to correct the deficiencies identified in this Order and to otherwise properly state a claim upon which relief can be granted. Any Amended Petition will be subject to all timeliness and procedural requirements and will supersede the Petitioner's previous filings. Piecemeal amendment will not be allowed. Should the Petitioner fail to timely file an

---

[1] Should the Petitioner wish to file a civil rights action, blank civil rights complaint forms are available on the Court's website. https://www.ncwd.uscourts.gov/local-forms/prose-forms. The Court makes no determinations about the potential merit or procedural viability of such an action.

Amended Petition in accordance with this Order, this action will be dismissed without prejudice and without further notice to the Petitioner.[2]

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**.

2. The Petitioner may file a superseding Amended Petition within **thirty (30) days** in accordance with this Order. The failure to comply will result in the dismissal of this action without further notice.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner

---

[2] Blank § 2241 petition forms are available on the Court's website. https://www.ncwd.uscourts.gov/local-forms/prose-forms.

must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS SO ORDERED.**

Signed: September 19, 2023

Martin Reidinger
Chief United States District Judge